Dykman, J.
The relators in these four cases sued out writs of certiorari for the reviewal of the proceedings of the Commissioners of the Department of Fire and Buildings of the City of Brooklyn, which resulted in their dismissal from the department.
These cases present substantially the same questions, and were all argued together as one case. Yet it will be necessary to notice the facts in each case separately.
The petition of Lasche for the procurement of the certiorari, states that for a long time past he was a member of the Department of Fire and Buildings of the City of Brooklyn, and was unlawfully removed.
The return of the commissioners to this is: “At a meeting held December 17, 1877,
“Present — President David Williams; Commissioners Eyan and Gallagher.
*369 “By the president—Resolved, that Ernest Lasche be appointed a clerk in the place of John H. Jeffers, at a salary of $1,000 per annum, to date from December 15, 1877. Unanimously adopted.”
Meeting of the commissioners held September 15, 1879.
Present—President McLaughlin and Commissioners Wafer and Brennan.
By the president—Resolved, That Ernest Lasche, clerk in the kerosene department, be dismissed. Adopted.
Jeffers states in his petition that he was a member of the department for a long time past and was appointed kerosene inspector by the commissioners September 8, 1879, and was illegally removed.
The return of the commissioners states that about the fifteenth day of September, 1879, Jeffers under a pretended appointment as a kerosene oil inspector, was drawing a salary as a subordinate officer in the board, and they deeming it advisable to dispense with his services, removed him from the department by resolution.
They further say, that Jeffers was not at any time a member of the department, as they are advised and believe. That Joseph Gfarno had theretofore been appointed such kerosene oil inspector, and his office had been usurped by Jeffers without right or title. That the board removed him by resolution as follows:
By the president—Resolved, That John H. Jeffers, kerosene oil inspector, be dismissed the department. Adopted.
Buchanan in his petition states that he was a member of the department of fire and buildings and was the acting inspector of buildings in the department, and was unlawfully removed therefrom by the commissioners.
The commissioners in their return state that on the 15th day of September, 1879, Buchanan was drawing a salary under a pretended appointment as inspector of buildings and subordinate officer of said board, and they deeming it advisable to dispense with his further services in such position, dismissed him from the department by resolution.
They further say that Buchanan was not at the time of his removal or at any time a member of the department as they are advised and believe. That James Dowd had theretofore been appointed inspector of buildings, and his office had been usurped by Buchanan without legal right.
That the only proceeding had was the following:
“By the President — Resolved, That John Buchanan, inspector of buildings be dismissed the department. Adopted.”
In the Case of Manning the return is substantially the same that it is said he a under *370 a pretended appointment as a clerk in the department and had usurped the office of John Lynagh, and he was removed by resolution.
Thus we have the statement of all the parties and in the Case of Lasche, there seems to be no disputed facts. He says he was a member of the department, and that allegation is not denied, the commissioners say he was appointed a clerk and dismissed as a clerk in the kerosene department. This last allegation is not inconsistent with his membership in the department, and cannot be taken as a denial thereof. He may have been selected as a clerk by the commissioners from the members of the department. This view brings Lasche’s Case within the recent decision of the court of appeals in the Case of the People ex rel. Peck against these same commissioners, recently decided, and not yet reported (8 N. Y., State Rep., 634), and upon the authority of that case the order in Lasche’s- Case must be reversed, and the proceedings of the commissioners must also, be reversed.
The other three cases are sufficiently similar to fall under the control of the same rule. All of the relators in those cases' state in their petition that they were members of the department, and the returns state that they were drawing salaries as subordinate officers in the board, but that they were not members of the department as the commissioners-were advised and believed, and then for the apparent purpose of furnishing a specification of the reason for such belief, it is stated that these relators had usurped the offices for which they drew the salary, and were removed by reso lution from the places which they so illegally held.
It is thus seen that the return does not directly deny the allegation of membership contained in the petition of each and the petition and returns together seem to make a case where the relators were in the possession of the offices- and exercising the functions of officers of the department, but held the positions wrongfully and by an unlawful tenure.
Such being their position we suppose they could not be summarily removed. If they were pretenders and usurpers they were yet in the possession of the places, and although they were intruders, and their title could only be declared void and be destroyed after a. trial, it would be-manifestly unjust to compel them to submit to an arbitrary removal and dismissal without an opportunity to establish the validity of their title to the offices.
Our conclusion is, therefore, that the summary dismissal of these relators without, a trial was illegal, in view of the-decision of the court of appeals in the case of Isaac W.. Peck, to which allusion has already been made, and Fair- *371 child’s case, decided, by the court of appeals, June 14, 188Y 8 K Y. State Rep., 912.
The learned counsel for the corporation, in the zealous discharge of his duty, made a fervent appeal to the court upon the argument for the dismissal of these cases and the quashing of these writs of certiorari for the laches of the relators, but we cannot entirely coincide with his views on that subject. There was no unreasonable delay in serving out the writs, and after the proceedings were instituted an earnest resistance was made on the part of the city, and the questions involved were quite embarrassing. Some of the cases were carried to the court of appeals, and these cases were left in repose until the law was settled by that high tribunal, and now they are brought forward for determination. It would not seem, therefore, to be a just exercise of the discretion of the court to quash these writs.
Our conclusion, therefore, is that the orders appealed from and the proceedings of the Commissioners should all be reversed, with costs.
Barnard, P„ J., concurs; Pratt, J., not sitting.